This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JAIME ANDUJO, CHANA ANDUJO, ERIC CHAVEZ, JACLYN CHAVEZ, DAVID PYNE, DONNELLE PYNE, ROBERT SHERWOOD, CAROL SHERWOOD, WADE STENGER, ELIZABETH STENGER, and LYLE WAGY,**

     Plaintiffs-Appellees,

v.                                        NO. 28,660

**PULTE HOMES OF NEW MEXICO, INC., PULTE HOMES, INC., GERARD SANCHEZ, and BRETT CLEM,**

     Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**William F. Lang, District Judge**

The Roehl Law Firm, P.C.
Wesley C. Jackson
Albuquerque, NM

for Appellees

Holland & Hart LLP
Kristina Martinez
Santa Fe, NM

Philip J. Dabney
Las Vegas, NV

for Appellants

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Pulte Homes of New Mexico, Pulte Homes Inc., Gerard Sanchez in his capacity as president of Pulte Homes of New Mexico, Inc., and Brett Clem in his capacity as a customer representative of Pulte Homes of New Mexico, Inc. (together referred to as "Pulte"), appeal from the district court's order denying Pulte's motion to compel arbitration as to Appellees. Appellees, contrary to their position while before the district court, conceded at oral argument that they are subject to the arbitration provisions at issue in this matter. They now argue that the district court's order should be affirmed solely on the ground that the arbitration agreements at issue here are unenforceable as they are substantively unconscionable. We are unable to properly evaluate this claim based on the record before us. Accordingly, we remand this matter to the district court.

**BACKGROUND**

On June 11, 2007, a group of homeowners in the Seville subdivision, a new development community in Albuquerque, New Mexico, filed a seven-count complaint against Pulte, the developer responsible for the construction of the homes in Seville.

The allegations in the complaint were based on the homeowners' assertions that their homes were poorly constructed and "bedeviled with problems." Most of these homeowners purchased their homes directly from Pulte. Appellees, however, did not.

Pulte responded to the complaint by filing a motion to dismiss for lack of jurisdiction and, pursuant to the Federal Arbitration Act, 9 U.S.C. § 4 (1954), and New Mexico's Uniform Arbitration Act, NMSA 1978, §§ 44-7A-1 to -32 (2001), an order compelling the homeowners to proceed with their claims through binding arbitration. Pulte argued that, when they bought their homes, the homeowners signed a purchase agreement which included a limited warranty. Both the purchase agreement and limited warranty, Pulte claimed, included arbitration provisions that required the homeowners to submit their claims to arbitration.

On April 24, 2008, the district court entered an order on Pulte's motion to dismiss. The district court concluded that it lacked sufficient information to rule on whether the arbitration clause was unenforceable as to those homeowners who purchased their homes from Pulte and who had signed Pulte's purchase agreement. With respect to these homeowners only, the district court continued Pulte's motion to dismiss for an evidentiary hearing to determine whether they may avoid contractual arbitration based on their claims of unconscionability and duress. These homeowners ultimately agreed to forego that evidentiary hearing and proceeded with arbitration.

3

With regard to Appellees, the district court concluded that they were not compelled to arbitrate as they had not signed the purchase agreement and had not agreed to arbitrate their claims. It is from this decision that Pulte appeals.

**DISCUSSION**

In its brief-in-chief, Pulte submitted two substantive arguments: (1) Appellees are creditor third-party beneficiaries of the purchase agreement and are compelled to arbitrate their claims pursuant to the arbitration clause in the purchase agreement; and (2) Appellees have exploited and obtained benefits under the limited warranty that also contains an arbitration clause and are estopped from denying the enforceability of that arbitration clause. Appellees contested both of these arguments in their answer brief. In addition, they argued that we should affirm the district court on grounds that the arbitration provision in Pulte's purchase agreement is substantively unconscionable.

At oral argument, Appellees conceded Pulte's first and second arguments, thus agreeing that Appellees were bound by the arbitration provision in the purchase agreement as third-party beneficiaries and that they were estopped from denying the enforcement of the arbitration clause in the limited warranty. After making these concessions, Appellees focused on the holding in the recent Supreme Court case of *Cordova v. World Finance Corp. of New Mexico*, 2009-NMSC-021, 146 N.M. 256,

208 P.3d 901. They argued that the arbitration provision in the purchase agreement is similar to that in *Cordova* and should be stricken because it is substantively unconscionable. *See id.* ¶ 41. Appellees would limit our review to the terms of the arbitration provision in the purchase agreement. Pulte's position is that there are two arbitration provisions: one in the purchase agreement and the other in the limited warranty, that both apply, and that the holding in *Cordova* does not apply to the arbitration terms in this case.

At this point, we are not clear about the effect of Appellees' concession on the resolution of this case. We do not know if additional evidence needs to be presented or if the matter can be decided based on arguments of the parties.

Accordingly, we accept the concessions of Appellees and remand the matter to the district court to decide the Appellees' remaining argument.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____

**MICHAEL E. VIGIL, Judge**